1  FRANKLIN C. ADAMS, Bar No. 85351
   Franklin.Adams@bbklaw.com
2  BRADY BRAMMER, Bar No. 258882
   Brady.Brammer@bbklaw.com
3  BEST BEST & KRIEGER LLP
   3750 University Avenue, Suite 400
4  P.O. Box 1028
   Riverside, CA 92502
5  Telephone:(951) 686-1450
   Facsimile:(951) 686-3083
6
   Attorneys for Plaintiff
7  Mark Smith

8

9              UNITED STATES BANKRUPTCY COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11                    RIVERSIDE DIVISION

12

13 In re                              Case No. 6:10-bk-23295-MJ

14 KIMBERLY A REYNOLDS,                Adversary No._____

15        Debtor.                      Chapter Number: 7
                                       Judge: Hon. Meredith A. Jury
16
                                       **COMPLAINT** FOR NON-
17 MARK SMITH                          DISCHARGEABILITY OF DEBT
                                       PURSUANT TO 11 U.S.C. § 523
18           Plaintiff,
   -v.-
19
   KIMBERLY A. REYNOLDS aka
20 KIMBERLY VERMAAK, an individual;
   and DOES 1-10, inclusive,
21
             Defendants.
22

23

24

25

26

27

28

RVLIT\BBRAMMER\760869.1                **COMPLAINT** FOR NON-DISCHARGEABILITY
                                       OF DEBT PURSUANT TO 11 U.S.C. § 523

Mark Smith ("Plaintiff"), by and through his attorneys of record, Best Best & Krieger LLP, hereby alleges and complains against Kimberly A Reynolds, aka Kimberly Vermaak ("Debtor") as follows:

### A.    JURISDICTION AND VENUE

1. Debtor filed a voluntary petition under title 11 of the United States Code on May 2, 2010.

2. Jurisdiction over this adversary proceeding is proper pursuant to 28 U.S.C. §§ 157(b) and 1334(b). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (J) and (O).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1409 because this adversary proceeding arises under and in connection with Debtor's chapter 7 case.

4. This complaint initiates an adversary proceeding within the meaning of Federal Rules of Bankruptcy Procedure Rule 7001(6).

### B.    THE PARTIES

5. Debtor is an individual believed to be residing at 82832 Mt. Riley Dr.; Indio, California, 92203.

6. Plaintiff is an individual.

### C.    GENERAL ALLEGATIONS

7. On June 18, 2006, Plaintiff filed an action in the San Bernardino County Superior Court (Case Number: SCVSS 139802) against Debtor's husband, Johannes Vermaak, alleging breach of contract and common counts.

8. On or about December 5, 2006, the court issued judgment against Mr. Vermaak for the total sum of $107,447.30 ("Judgment"). Attached as Exhibit "A" is a true and correct copy of the Judgment.

9. On July 14, 2006, Mr. Vermaak and debtor filed for divorce in the San Bernardino Family Court (Case Number: SBFSS 094360). Mr. Vermaak and Debtor entered into a Marriage Settlement Agreement, dated February 14, 2007 ("MSA"). Pursuant to the MSA, the court issued a final order of dissolution on March 8, 2007 ("Order"), which incorporated all of the terms of the MSA. Attached as Exhibit "B" is a true and correct copy of this Order.

10. Under the MSA and the Order, Debtor received among other things, $125,000.00 in cash, $4,000.00 per month in child support, and $1,000.00 per month as alimony. By contrast, Mr. Vermaak received the community property's outstanding debts amounting to over $2 million.

11. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, Debtor knew of Plaintiff's claims against Mr. Vermaak and knew that Plaintiff's claim could only be satisfied out of the sums promised to her under the MSA. Notwithstanding this knowledge, Debtor intentionally, willfully, fraudulently, and maliciously made the aforementioned transfer to defraud and oppress Plaintiff. Plaintiff is therefore entitled to exemplary or punitive damages.

12. As a proximate result of the wrongful acts herein alleged, Plaintiff has been damaged in the sum of at least $107,447.30.

**D.    FRAUD ACTION**

13. On November 30, 2007, Plaintiff filed an action in the San Bernardino County Superior Court (Case Number: SCVSS 139802) ("Fraud Action") against both Debtor and Mr. Vermaak alleging fraudulent conveyance and conspiracy.

14. On December 10, 2010, by court order in the Fraud Action, Debtor was <u>deemed to have admitted</u> each of the following requests for admission:

Request for Admission No. 1:

Admit that the $125,000 described in the MSA was not for repayment of a loan YOU had previously made to Johannes Vermaak. (For the purposes of these requests for admissions, the terms "YOU" and/or "YOUR" shall mean Defendant Kimberly Vermaak and the term "MSA" shall mean the Marriage Settlement Agreement between YOU and Johannes Vermaak dated February 14, 2007.)

Request for Admission No. 2:

Admit that YOU executed the MSA with intent to hinder, delay, or defraud Johannes Vermaak's creditors, including Plaintiff Mark Smith.

Request for Admission No. 3:

Admit that the purpose of the MSA was to allow YOU to receive a disproportionate share of the community assets while Johannes Vermaak would receive all of the community debt and none of its assets.

Request for Admission No. 4:

Admit that YOU had knowledge of Johannes Vermaak's fraudulent intent to hinder, delay, or defraud Plaintiff Mark Smith in his efforts to satisfy his claim against Mr. Vermaak.

Request for Admission No. 5:

Admit that YOU conspired with Johannes Vermaak with the intent to hinder, delay, or defraud his creditors, including Plaintiff Mark Smith.

Request for Admission No. 6:

Admit that Plaintiff Mark Smith has been damaged by YOU in the amount of $107,447.30.

Request for Admission No. 7:

Admit that Plaintiff Mark Smith is entitled to exemplary and punitive damages as a result of YOUR attempts to defraud him.

Request for Admission No. 8:

Admit that the MSA is not valid.

Request for Admission No. 9:

Admit that the $125,000 paid pursuant to the MSA was not intended as child support.

Request for Admission No. 10:

Admit that YOU did not execute the MSA under duress.

Request for Admission No. 11:

Admit that YOU received $125,000 from Johannes Vermaak after February 14, 2007.

Attached as Exhibit "C" is a true and correct copy of the minute order deeming these admissions admitted.

15. Following these admissions, Plaintiff brought a Motion for Judgment on the Pleadings ("MJOP") to be heard on February 1, 2010. On the morning of the hearing Debtor filed a Motion to Set Aside Terminating Sanctions in a last ditch effort to overturn her fatal admissions. The court continued the MJOP until after Debtor's motion could be heard.

16. On April 15, 2010, Debtor's Motion to Set Aside Terminating Sanctions was heard and denied.

17. The MJOP was thereafter set for hearing on May 3, 2010. Debtor filed her bankruptcy papers on the eve of the hearing, May 2, 2010, thereby staying the Fraud Action and the imminent judgment against her.

### E. FIRST CAUSE OF ACTION – 11 U.S.C. § 523(a)(6)

18. Plaintiff reincorporates herein by reference each and every allegation set forth in paragraphs 1 through 17, inclusive, as though fully set forth herein.

19. Plaintiff is informed and believes and thereon alleges that Debtor's conduct alleged above was willful and malicious and that all debts arising therefrom, including statutory and punitive damages, are non-dischargeable pursuant to 11 U.S.C. § 523(a)(6).

### F. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in their favor and against Debtor for:

1. For a money judgment against Debtor (a) for the amount of damages owed to Plaintiff as determined according to proof at the time of trial, (b) for statutory and punitive damages in the amount to be determined according to proof at the time of trial and (c) that is non-dischargeable;

2. Costs of suit incurred herein; and

3. Such other and further relief as the Court deems just and proper.

Dated: August 18, 2010                          BEST BEST & KRIEGER LLP

                                                By: _____
                                                    BRADY BRAMMER
                                                    Attorney for Creditor
                                                    MARK SMITH

# EXHIBIT A

JUD-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):<br>Victor Wolf, Bar No. 110107, Mat Larsen, Bar No. 227810<br>Best Best & Krieger LLP<br>3750 University Aave., Suite 400<br>Riverside, CA 92502<br>TELEPHONE NO.: (951) 686-1450  FAX NO. (Optional): (951) 686-3083<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Mark Smith | FOR COURT USE ONLY |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SAN BERNARDINO**
STREET ADDRESS: 351 N. Arrowhead Ave.
MAILING ADDRESS:
CITY AND ZIP CODE: San Bernardino 92415
BRANCH NAME: Central

PLAINTIFF: MARK SMITH

DEFENDANT: JOHANNES H. VERMAAK

| JUDGMENT | CASE NUMBER: |
|---|---|
| ☐ By Clerk    ☒ By Default    ☐ After Court Trial<br>☒ By Court    ☐ On Stipulation    ☐ Defendant Did Not Appear at Trial | SCVSS 139802 |

**JUDGMENT**

1. ☒ **BY DEFAULT**
   a. Defendant was properly served with a copy of the summons and complaint.
   b. Defendant failed to answer the complaint or appear and defend the action within the time allowed by law.
   c. Defendant's default was entered by the clerk upon plaintiff's application.
   d. ☐ Clerk's Judgment (Code Civ. Proc., § 585(a)). Defendant was sued only on a contract or judgment of a court of this state for the recovery of money.
   e. ☒ Court Judgment (Code Civ. Proc., § 585(b)). The court considered
      (1) ☐ plaintiff's testimony and other evidence.
      (2) ☒ plaintiff's written declaration (Code Civ. Proc., § 585(d)).

2. ☐ **ON STIPULATION**
   a. Plaintiff and defendant agreed (stipulated) that a judgment be entered in this case. The court approved the stipulated judgment and
   b. ☐ the signed written stipulation was filed in the case.
   c. ☐ the stipulation was stated in open court    ☐ the stipulation was stated on the record.

3. ☐ **AFTER COURT TRIAL.** The jury was waived. The court considered the evidence.
   a. The case was tried on (date and time):
      before (name of judicial officer):
   b. Appearances by:
      ☐ Plaintiff (name each):                       ☐ Plaintiff's attorney (name each):
         (1)                                              (1)
         (2)                                              (2)
      ☐ Continued on Attachment 3b.

      ☐ Defendant (name each):                    ☐ Defendant's attorney (name each):
         (1)                                              (1)
         (2)                                              (2)
      ☐ Continued on Attachment 3b.
   c. ☐ Defendant did not appear at trial. Defendant was properly served with notice of trial.
   d. ☐ A statement of decision (Code Civ. Proc., § 632)  ☐ was not  ☐ was  requested.

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California JUD-100 [New January 1, 2002]

JUDGMENT

EXHIBIT A

Code of Civil Procedure, §§ 585, 664.6
2002 © American LegalNet, Inc

| PLAINTIFF: MARK SMITH | CASE NUMBER: |
|---|---|
| DEFENDANT: JOHANNES H. VERMAAK | SCVSS 139802 |

JUDGMENT IS ENTERED AS FOLLOWS BY:  ☒ THE COURT    ☐ THE CLERK

4. ☐ **Stipulated Judgment.** Judgment is entered according to the stipulation of the parties.

5. **Parties.** Judgment is
   a. ☒ for plaintiff (name each): MARK SMITH

   and against defendant (names):
   JOHANNES H. VERMAAK

   ☐ Continued on Attachment 5a.

   b. ☐ for defendant (name each):

   c. ☐ for cross-complainant (name each):

   and against cross-defendant (name each):

   ☐ Continued on Attachment 5c.

   d. ☐ for cross-defendant (name each):

6. **Amount.**
   a. ☒ Defendant named in item 5a above must pay plaintiff on the complaint:

| | | | Amount |
|---|---|---|---|
| (1) | ☒ | Damages | $ 97,000.00 |
| (2) | ☒ | Prejudgment interest at the annual rate of 10% % | $ 5,634.96 |
| (3) | ☒ | Attorney fees | $ 3,726.34 |
| (4) | ☒ | Costs | $ 1,086.00 |
| (5) | ☐ | Other (specify): | $ |
| (6) | | TOTAL | $ 107,447.30 |

   c. ☐ Cross-defendant named in item 5c above must pay cross-complainant on the cross-complaint:

| | | | Amount |
|---|---|---|---|
| (1) | ☐ | Damages | $ |
| (2) | ☐ | Prejudgment interest at the annual rate of % | $ |
| (3) | ☐ | Attorney fees | $ |
| (4) | ☐ | Costs | $ |
| (5) | ☐ | Other (specify): | $ |
| (6) | | TOTAL | $ 0.00 |

   b. ☐ Plaintiff to receive nothing from defendant named in item 5b.
   ☐ Defendant named in item 5b to recover costs $
   ☐ and attorney fees $

   d. ☐ Cross-complainant to receive nothing from cross-defendant named in item 5d.
   ☐ Cross-defendant named in item 5d to recover costs $
   ☐ and attorney fees $

7. ☐ Other (specify):

Date: JAN 1 2 2007     ☐  Michael Gassner, Commissioner
                              JUDICIAL OFFICER

Date: _____     ☐ Clerk, by _____, Deputy

(SEAL)

**CLERK'S CERTIFICATE** (Optional)

I certify that this is a true copy of the original judgment on file in the court.

Date:

Clerk, by _____, Deputy

Page 2 of 2

JUD-100 [New January 1, 2002]         **JUDGMENT**         2002 © American LegalNet, Inc.

# EXHIBIT B

FL-180

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | FOR COURT USE ONLY |
|---|---|
| JANET STOUDER-BRANDON    107124<br>LAW OFFICE OF JANET STOUDER-BRANDON<br>615 Brookside Avenue, Suite B<br>Redlands, California  92373<br>TELEPHONE NO.: (909)792-9282    FAX NO. (Optional): (909)792-9285<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Respondent | FILED<br>SUPERIOR COURT<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br><br>MAR 0 8 2007<br><br>By _____<br>              Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
STREET ADDRESS: 351 North Arrowhead Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: San Bernardino, California  92415
BRANCH NAME: Central

**MARRIAGE OF**
PETITIONER: KIMBERLY ANN VERMAAK
RESPONDENT: JOHANNES HENDRIK PETRUS VERMAAK

**JUDGMENT**
[X] DISSOLUTION   [ ] LEGAL SEPARATION   [ ] NULLITY
[ ] Status only
[ ] Reserving jurisdiction over termination of marital or domestic partnership status
[ ] Judgment on reserved issues
Date marital or domestic partnership status ends: MAR - 8 2007

CASE NUMBER: SBFSS 094360

1. [ ] This judgment [ ] contains personal conduct restraining orders [ ] modifies existing restraining orders.
   The restraining orders are contained on page(s) ____ of the attachment. They expire on (date):

2. This proceeding was heard as follows: [X] Default or uncontested  [X] By declaration under Family Code section 2336
   [ ] Contested
   a. Date:                    Dept.:                Room:
   b. Judicial officer (name):                       [ ] Temporary judge
   c. [ ] Petitioner present in court
   d. [ ] Respondent present in court    [ ] Attorney present in court (name):
   e. [ ] Claimant present in court (name):    [ ] Attorney present in court (name):
   f. [ ] Other (specify name):                       [ ] Attorney present in court (name):

3. The court acquired jurisdiction of the respondent on (date): August 7, 2006
   a. [ ] The respondent was served with process.
   b. [X] The respondent appeared.

**THE COURT ORDERS, GOOD CAUSE APPEARING**

4. a. [X] Judgment of dissolution is entered. Marital or domestic partnership status is terminated and the parties are restored to the status of single persons
      (1) [X] on (specify date): MAR - 8 2007
      (2) [ ] on a date to be determined on noticed motion of either party or on stipulation.
   b. [ ] Judgment of legal separation is entered.
   c. [ ] Judgment of nullity is entered. The parties are declared to be single persons on the ground of (specify):

   d. [ ] This judgment will be entered nunc pro tunc as of (date):
   e. [ ] Judgment on reserved issues.
   f. The [ ] petitioner's   [ ] respondent's  former name is restored (specify):
   g. [ ] Jurisdiction is reserved over all other issues, and all present orders remain in effect except as provided below.
   h. [ ] This judgment contains provisions for child support or family support. Each party must complete and file with the court a *Child Support Case Registry Form* (form FL-191) within 10 days of the date of this judgment. The parents must notify the court of any change in the information submitted within 10 days of the change, by filing an updated form. The *Notice of Rights and Responsibilities-Health Care Costs and Reimbursement Procedures and Information Sheet on Changing a Child Support Order* (form FL-192) is attached.

Form Adopted for Mandatory Use
Judicial Council of California
FL-180 [Rev. January 1, 2007]

JUDGMENT
(Family Law)

EXHIBIT B    Vermaak

Page 1 of 2
Family Code, §§ 2024, 2340
2343, 2346
www.courtinfo.ca.gov

FL-180

| CASE NAME (Last name, first name of each party): | CASE NUMBER: |
|---|---|
| KIMBERLY VERMAAK<br>JOHANNES VERMAAK | SBFSS 094360 |

4. *(Cont'd.)*
   i. ☐ A settlement agreement between the parties is attached.
   j. ☒ A written stipulation for judgment between the parties is attached.
   k. ☒ The children of this marriage or domestic partnership.
      (1) ☒ The children of this marriage or domestic partnership are:
         Name                                            Birthdate
         Named at page 1 of the Judgment

      (2) ☐ Parentage is established for children of this relationship born prior to the marriage or domestic partnership.
   l. ☒ Child custody and visitation are ordered as set forth in the attached
      (1) ☐ settlement agreement, stipulation for judgment, or other written agreement.
      (2) ☐ *Child Custody and Visitation Order Attachment* (form FL-341).
      (3) ☐ *Stipulation and Order for Custody and/or Visitation of Children* (form FL-355).
      (4) ☒ other *(specify):* Attached Judgment

   m. ☒ Child support is ordered as set forth in the attached
      (1) ☐ settlement agreement, stipulation for judgment, or other written agreement.
      (2) ☐ *Child Support Information and Order Attachment* (form FL-342).
      (3) ☐ *Stipulation to Establish or Modify Child Support and Order* (form FL-350).
      (4) ☒ other *(specify):* Attached Judgment

   n. ☒ Spousal or partner support is ordered as set forth in the attached
      (1) ☐ settlement agreement, stipulation for judgment, or other written agreement.
      (2) ☐ *Spousal, Partner, or Family Support Order Attachment* (form FL-343).
      (3) ☒ other *(specify):* Attached Judgment

      **NOTICE:** It is the goal of this state that each party will make reasonable good faith efforts to become self-supporting as provided for in Family Code section 4320. The failure to make reasonable good faith efforts may be one of the factors considered by the court as a basis for modifying or terminating spousal or partner support.
   o. ☒ Property division is ordered as set forth in the attached
      (1) ☐ settlement agreement, stipulation for judgment, or other written agreement.
      (2) ☐ *Property Order Attachment to Judgment* (form FL-345).
      (3) ☒ other *(specify):* Attached Judgment

   p. ☐ Other *(specify):*


Each attachment to this judgment is incorporated into this judgment, and the parties are ordered to comply with each attachment's provisions.
Jurisdiction is reserved to make other orders necessary to carry out this judgment.
Date:

                                                                                    JUDICIAL OFFICER
5. Number of pages attached: ___Five___          ☒ SIGNATURE FOLLOWS LAST ATTACHMENT

**NOTICE**
Dissolution or legal separation may automatically cancel the rights of a spouse or domestic partner under the other spouse's or domestic partner's will, trust, retirement plan, power of attorney, pay-on-death bank account, transfer-on-death vehicle registration, survivorship rights to any property owned in joint tenancy, and any other similar thing. It does not automatically cancel the rights of a spouse or domestic partner as beneficiary of the other spouse's or domestic partner's life insurance policy. You should review these matters, as well as any credit cards, other credit accounts, insurance policies, retirement plans, and credit reports, to determine whether they should be changed or whether you should take any other actions.
A debt or obligation may be assigned to one party as part of the dissolution of property and debts, but if that party does not pay the debt or obligation, the creditor may be able to collect from the other party.
An earnings assignment may be issued without additional proof if child, family, partner, or spousal support is ordered.
Any party required to pay support must pay interest on overdue amounts at the "legal rate," which is currently 10 percent.

IT IS HEREBY ORDERED:

That the date of marriage is February 14, 1996 and the date of separation is April 18, 2006.

IT IS FURTHER ORDERED:

The parties shall have joint legal custody of the minor children Stephen Vermaak, born October 31, 1991, Susara Vermaak, born June 12, 1997, Sklar Vermaak, born September 24, 1999, Emma Vermaak, born May 22, 2001 and Johannes Vermaak, born September 2, 2003.

Petitioner shall have primary physical custody of the minor children and Respondent shall have secondary physical custody, to include every other weekend from Friday at 6 p.m. to Sunday at 6 p.m. (commencing August 18, 2006) and other custody as agreed by the parties.

All exchanges are to be at the Maternal Grandfather's home.

IT IS FURTHER ORDERED:

The holidays shall be shared as follows or as agreed by the parties:

1. Father to have Thanksgiving vacation from after school on the last day of school to return to school on Monday morning, in even numbered years. Mother to have same time in odd numbered years.

2. Father to have the first portion of the Christmas school break, commencing from after school on the last day of school until a point representative of the one-half mark of the entire break, in even numbered years. Mother to have the same time in odd numbered years.

3. Father to have the second portion of the Christmas school break, commencing at a point representative of the one-half mark of the entire break, until return to school following the break, in odd numbered years. Mother to have the same time in even numbered years.

4. Regardless of the visitation as set forth in items 2 and 3 above, the Christmas custody time shall prevail. Father to have Christmas Eve from 5p.m. to Christmas Day at 10 a.m. in even numbered years. Mother to have the same time period on odd numbered years.

5. Every Father's Day to father, from 9 a.m. to 6 p.m.

6. Every Mother's Day to mother, from 9 am. to 6 p.m.

7. Father to have the children on their respective birthdays from 9 a.m. to 6 p.m. in even numbered years. Mother to have same time period in odd numbered years.

8. Father to have Easter in even numbered years, Mother to have odd numbered years.

9. Any three day weekends shall be included with the custody for the weekend preceding the holiday.

10. Either party may have the children for two uninterrupted two week periods each year for vacation purposes. Written notice is to be given to the other party 60 days prior to the intended trip. Each party will provide the other with an itinerary and phone numbers for the children and will insure telephone contact during said trip. Should the parties have a conflict on dates, Father shall prevail in even numbered years and Mother shall prevail in odd numbered years.

11. All off track or summer school vacation shall be equally shared by the parties on a week to week basis, with father to have the first week of each such break.

IT IS FURTHER ORDERED:

Petitioner shall have the right to move, with the children, to Palm Desert. If Petitioner intends to move thereafter, in excess of 15 miles, she must give written notice to the Respondent at least 45 days prior to the move to provide him with the opportunity to object to the move. Respondent shall pay to Petitioner the sum of $1,000 upon signing this agreement to assist in her move.

IT IS FURTHER ORDERED:

Neither party shall use or make, nor allow any other person to use or make any disparaging or derogatory remarks about the absent parent in the presence of said children.

IT IS FURTHER ORDERED:

Each party shall keep the other party informed of his and her current address and telephone number and those of the children and shall notify the other within 2 days of any change of address or telephone number.

/ / /

IT IS FURTHER ORDERED:

Respondent shall pay to Petitioner as and for the support of the minor children, the sum of $4,000 per month, to be equally allocated among the children, payable one half on the 1st and one half on the fifteenth days of each month, commencing February 1, 2007 and continuing until each child marries, dies, is emancipated, reaches age 19, or reaches age 18 and is not a full-time high school student, whichever occurs first.

As additional support for the minor children, the Respondent shall maintain them on medical, hospitalization, and dental insurance plans for so long as said beneficiaries are legally eligible; and shall cooperate in the presentation, collection, and reimbursement of any claims.

As additional child support, the Respondent shall continue to pay the reasonably incurred bills for the private education of the minor child Stephen. The parties shall consult and agree as to the selection of the school.

Petitioner shall pay 50% and Respondent shall pay 50% of any unreimbursed medical, dental, and orthodontia expense incurred on behalf of the minor child.

The parties are fully informed of their rights under the applicable guidelines for child support. This agreement is made freely without threat, coercion or duress and the needs of the children will be adequately met under this agreement. The agreement is in the best interest of the children and the right to support has not been assigned to any county and no application for public assistance is pending.

IT IS FURTHER ORDERED:

Respondent shall pay to Petitioner for her support, the sum of $1,000 per month, payable one half on the first and one half on the fifteenth days of each month, commencing February 1, 2007 and continuing until further order of the court, the death of either party or the remarriage of Petitioner, whichever first occurs.

IT IS FURTHER ORDERED:

The Petitioner shall be awarded, as her sole and separate property, the following:

1. Furniture, furnishings and appliances currently in her possession.
2. Any financial institution accounts standing in her name.

/ / /

/ / /

IT IS FURTHER ORDERED:

The Respondent shall be awarded, as his sole and separate property, the following:

1. Furniture, furnishings and appliances currently in his possession.
2. Any financial institution account standing in his name.
3. All community right, title and interest in the business known as Poolgel, LLC. and he will be responsible for payment of all obligations related to said business.
4. All community right, title and interest in the business known as Watermaker, LLC. and he will be responsible for payment of all obligations related to said business.
5. All community right, title and interest in the business known as Allstar Ice, Inc. and he will be responsible for payment of all obligations related to said business.
6. All community right, title and interest in the business known as For Less, Inc. and he will be responsible for payment of all obligations related to said business.
7. The real property located at 2008 Horse Trail Drive, Redlands, California subject to any encumbrance thereon.

IT IS FURTHER ORDERED:

Each party will be responsible for any debt incurred by that party subsequent to the date of separation. Respondent shall pay any community obligations currently outstanding including any judgments. He will defend and hold the Petitioner harmless from any future lawsuits or claims.

IT IS FURTHER ORDERED:

That Respondent shall pay to Petitioner, as and for equalization of the property division, the sum of $125,000. Said sum is payable within 36 months of the signing of this judgment and shall bear no interest.

IT IS FURTHER ORDERED:

The Petitioner has sought independent legal advice with regard to this agreement.

IT IS FURTHER ORDERED:

That each party has waived any right they may have to reimbursement against the other or the community, including, but not limited to (1) Epstein credits (2) Watts credits (3) Family Code, Sections 910, 915, 920, 1101, 2640 and 2641.

///

///

IT IS FURTHER ORDERED:

That each party shall execute any document necessary to carry out the terms of this agreement and should either fail to do so, the Clerk of the Court may be appointed to do so, upon ex parte request.

IT IS SO ORDERED:

The temporary restraining orders issued in this case are vacated and all future dates are vacated.

IT IS SO ORDERED:

Each party specifically acknowledges that he/she had the opportunity to have any or all property interests described in this Judgment valued by any or all experts of his choice including, but not limited to, expert appraisers in real property and business valuations. In addition, the parties have entered into this Judgment without resorting to all discovery proceedings permitted by law. Nevertheless, the parties have relied on his or her own understanding of the values of all property interests as set forth herein, including, but not limited to, the value of all real property interests and business interests and does not rely on any information opinions and/or advice provided by the other party and/or their agents or attorneys.

DATED: 2-14-07

KIMBERLY ANN VERMAAK
Petitioner

DATED: 2-14-07

JOHANNES HENDRIK PETRUS VERMAAK
Respondent

DATED: 2-16-07

JANET STOUDER-BRANDON
Attorney for Respondent

IT IS SO ORDERED:

DATED: March 8, 2007

JUDGE OF THE SUPERIOR COURT

# EXHIBIT C

 # Minute Orders 

**Home**     **Complaints/Parties**     **Actions**     **Minutes**     **Pending Hearings**     **Case Report**     **Images**

Open Quick Search

### Case CIVSS709430 - M SMITH-V-J. VERMAAK

**Action:**   (Choose)

**MOTION RE: DEEMED ADMISSIONS AND FOR MONETARY SANCTIONS FILED BY PLAINTIFF MARK SMITH**
**12/10/2009 - 9:30 AM DEPT. S31**

KENNETH R BARR PRESIDING.
CLERK: ELIZABETH CAMACHO
COURT REPORTER PHILLIP LIVONI PHILLIP LIVONI
COURT ATTENDANT VANCE AMADOR
-
APPEARANCES:
ATTORNEY BRADY BRAMMER PRESENT FOR PLAINTIFF/PETITIONER.
DEFENDANT KIMBERLY VERMAAK PRESENT
-
PROCEEDINGS:
PREDISPOSITION HEARING HELD
NO OPPOSITION PRESENTED.
COURT FINDS GOOD CAUSE TO GRANT THE MOTION.
MARK SMITH'S MOTION FOR DEEMED ADMISSIONS IS GRANTED.
THE COURT IMPOSES SANCTIONS ON DEFENDANT (KIMBERLY VERMAAK) IN THE AMOUNT OF $595.00 PAYABLE TO COUNSEL FOR MOVING PARTY ON OR BEFORE 04/01/10.
NOTICE TO BE GIVEN BY COUNSEL FOR MOVING PARTY.
=== MINUTE ORDER END ===

FORM B104 (08/07)                                                                                          2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br>MARK SMITH | DEFENDANTS<br>Kimberly A. Reynolds aka Kimberly Vermaak |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Brady Brammer<br>Best Best & Krieger LLP<br>P. O. Box 1028<br>Riverside, CA 92502-1028 | ATTORNEYS (If Known) |
| PARTY (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☒ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Non-dischargeability of debt (willful and malicious injury)

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability – §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61 -Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
☐ 71 -Injunctive relief - imposition of stay
☐ 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01 -Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 107,477 |

American LegalNet, Inc.
www.FormsWorkflow.com

RVLIT\BBRAMMER\763323.1

| Other Relief Sought |
|---|
|  |

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR | BANKRUPTCY CASE NO. |
|---|---|
| Kimberly A. Reynolds | 6:10-bk-23295-MJ |

| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| Central | Riverside | Meredith A. Jury |

### RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
|  |  |  |

| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
|  |  |  |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| August 18, 2010 | Brady Brammer |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as par of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiffs attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents**. Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.